# In the United States Court of Federal Claims

KIMBERLY CLISBEE,

                  *Plaintiff,*

    v.

THE UNITED STATES,

                  *Defendant.*

No. 24-940

(Filed: June 27, 2024)

Kimberly Clisbee, Palmdale, CA, pro se.

**OPINION AND ORDER**

**SILFEN,** *Judge.*

    Kimberly Clisbee, proceeding without an attorney, filed a complaint in this court alleging injuries to herself, her child, and her child's father by the state of California, doctors who treated her daughter, the officials at schools in which her daughter was enrolled, and law enforcement and judicial employees. She alleges that the government is vicariously liable for the acts of those entities because the Secretary of Health and Human Services granted a waiver to the state of California under section 1115 of the Social Security Act. As explained below, the court lacks jurisdiction to hear Ms. Clisbee's claims. Thus, without awaiting a response from defendant, the court dismisses her complaint.

**I.**     **Background**

    Ms. Clisbee's daughter, Leilani, born in 2010, was diagnosed in utero with a tuber sclerosis defect. ECF No. 1 at 11-12 [¶6]; *id*. at 14 [¶14].[1] Since her birth, Leilani has required significant

---

[1] The court uses the pdf pagination of ECF No. 1.

1

medical attention. ECF No. 1 at 16-41 [¶¶21-116]. Leilani has attended several California schools as a special needs student. ECF No. 1 at 55-58 [¶¶164-77].

Ms. Clisbee's complaint alleges that medical staff intentionally injured Leilani, carrying out "purposeful malpractice and battery." ECF No. 1 at 39-40 [¶111]. According to the complaint, this was part of a conspiracy to make "babies globally disabled with multiple botched surgeries" to create "a client base." ECF No. 1 at 84 [¶241]. The doctors allegedly pretended that Leilani had brain cancer "so they could conduct surgeries on her designed to break her body" so the doctors could "get funding for research." ECF No. 1 at 5. The complaint further alleges that a nurse, at a doctor's direction, sexually battered Leilani with a catheter. ECF No. 1 at 41-44 [¶¶117-29].

Ms. Clisbee was accused of threatening one doctor who had treated Leilani. ECF No. 1 at 48-51 [¶¶142-52]. Ms. Clisbee alleges that actions taken by law enforcement officials, the attorneys, and the judge in that case deprived her of "rights as a victim." ECF No. 1 at 52-54 [¶¶156-62].

Ms. Clisbee alleges that the California public schools failed to provide sufficient care for Leilani. ECF No. 1 at 50-54 [¶¶164-80]. According to the complaint, teachers and classroom aides at Buena Vista Elementary School, a Palmdale County school, did not help Leilani, refused to put her in a stander, restricted her from using school property, and did not allow her to receive physical therapy at school. ECF No. 1 at 60-62 [¶¶183-87]. Leilani transferred to Antelope Valley Learning Academy, a homeschool, and then to Gorman Learning Center. ECF No. 1 at 66 [¶197]; *id*. at 79-80 [¶230]. The complaint alleges similar misconduct by those schools. *Id*. at 66-82 [¶¶197-236].

In the complaint, Ms. Clisbee alleges injuries and neglect that her child suffered at the hands of doctors and school officials, as well as bad acts by the legal system. ECF No. 1. Ms. Clisbee describes "one big RICO crime across multiple agencies who are all using the disabled

population to commit Federal insurance fraud but, worse, created disabled people to gain funding" under the Social Security Act. ECF No. 1 at 5. She argues that, through the waiver under section 1115, "the federal government gave [the doctors, the police, and the state employees] the authority to do this to [Leilani], and in doing so, they are vicariously responsible for all that is explained below." ECF No. 1 at 9. Ms. Clisbee requests "monetary compensation, punitive justice [through the criminal justice system], and a full investigation." ECF No. 1 at 7-8; *see id.* at 3, 92.

## II. Discussion

While Ms. Clisbee alleges significant harms, not all harms are the type that this court can address. This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United States founded … upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "[B]ecause the Tucker Act itself does not create a substantive cause of action, in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Jan's Helicopter Service, Inc. v. Federal Aviation Administration*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (marks omitted).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se

complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). The court must generally "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff" when determining if subject matter jurisdiction exists. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Under this court's rule 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rule 12(h)(3) of the Rules of the U.S. Court of Federal Claims; *see also Steel Co.*, 523 U.S. at 94 ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject-matter jurisdiction sua sponte. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

### A. The United States is the only proper defendant in this court

This court lacks jurisdiction over state and local entities and people employed by state and local entities; it only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.")

(citations omitted); *Curry v. United States*, 787 F. App'x 720, 722–23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). Claims against any other party must be dismissed for lack of jurisdiction. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Although the court has liberally construed the complaint in the light most favorable to Ms. Clisbee, her allegations focus on the state of California, doctors who treated her daughter, the employees and officials of schools in which her daughter was enrolled, law enforcement officials, attorneys, and at least one county-level judge. She contends that the federal government is "vicariously responsible" for her daughter's injuries because the federal government granted the state of California and the individuals involved a waiver under section 1115 of the Social Security Act in 2009. ECF No. 1 at 5; *id*. at 9.

Ms. Clisbee's claims are thus primarily against state and local governments and officials of those governments, individual medical personnel, law enforcement and judicial officers. ECF No. 1 (naming the state of California, Palmdale County Schools, Los Angeles Police Department employees, and judges at the Superior Court of Los Angeles County). Ms. Clisbee's claims against those entities, which are not the federal government or its agents, must be dismissed for lack of subject-matter jurisdiction.

**B.     This court lacks jurisdiction over the subject matter of Ms. Clisbee's complaint**

To the extent that Ms. Clisbee's complaint addresses actions of the federal government or its agents, this court nevertheless lacks jurisdiction because her claims are tort claims. Ms. Clisbee alleges that her daughter was "medically battered" by medical personnel as part of a conspiracy to make "babies globally disabled with multiple botched surgeries" to create "a client base." ECF

5

No. 1 at 9; *id*. at 79 [¶241]). She also alleges that Leilani is the victim of medical malpractice. ECF No. 1 at 74-75 [¶218] ("Everyone knows Leilani's disabilities are from malpractice."). Medical battery is a tort. *Levin v. United States*, 568 U.S. 503, 518 (2013).

Under the Federal Tort Claims Act, tort claims against the United States are in the "exclusive jurisdiction" of federal district courts, not this court. 28 U.S.C. § 1346(b)(1). The Tucker Act explicitly excludes tort claims from this court's jurisdiction. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States ... in cases not sounding in tort."); *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims['] jurisdiction claims sounding in tort."). This court does not have jurisdiction over claims of medical malpractice. *Utley v. United States*, 144 Fed. Cl. 573 (2019), *aff'd*, 813 F. App'x 601 (Fed. Cir. 2020) (dismissing claims of medical malpractice and negligence for lack of jurisdiction).

Ms. Clisbee also alleges that medical staff sexually assaulted her daughter. ECF No. 1 at 41-44 [¶¶117-129]. She adds that the state of California is engaged in racketeering to commit insurance fraud. ECF No. 1 at 5 (describing "one big RICO crime across multiple agencies who are all using the disabled population to commit Federal insurance fraud"). In addition to seeking damages for her daughter's injuries, she seeks federal criminal charges against those involved. *Id.* at 3, 92. This court does not have the authority to entertain "any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379. Similarly, this court does not have jurisdiction over claims arising under a state criminal code. *Souders v. South Carolina Public Service Authority*, 497 F.3d 1303, 1307 ("Claims founded on state law are ... outside the scope of the limited jurisdiction of the [U.S.] Court of Federal Claims."). Criminal claims in general are

brought only by the government, not by private parties, and damages are available to private parties in civil tort suits. But, as already discussed, this court cannot hear those tort claims.

Finally, Ms. Clisbee argues that her injuries stem from Senator Diane Feinstein's approval of the "Social Security Act Section 1115 waiver to conduct research for the California Child Service program, … [which] caused [her] child to become one of Dr. Bloch's research victims." ECF No. 1 at 1. She asks this court to "retract the state[']s use of the Social Security Act Section 1115 waiver." ECF No. 1 at 3.

If this court had jurisdiction to invalidate a federal statute because it enables the abuse Ms. Clisbee alleges, the result of invalidating the waiver, under Ms. Clisbee's theory, would be that the injuries to her daughter caused by her medical treatment would be compensable. But that compensation would still be for the injuries caused by medical treatment, which is, still, a tort claim. *See Levin*, 568 U.S. at 518.

Further, because the Tucker Act itself does not create a substantive cause of action, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). In *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983), the Supreme Court explained that "[t]he claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law [she] relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."

Ms. Clisbee relies on section 1115 of the Social Security Act, codified at 42 U.S.C. § 1315, to argue that the government is vicariously liable for her child's injuries. ECF No. 1-3 at 1 ("The Congressional Ruling to amend title XXXI Social Security Act helped to establish the Medical

waiver section 1115 used to injure my child."). Ms. Clisbee describes the statute as one that "allows States to receive Federal funding for research that is designed to enrich the community without proving the science behind it." ECF No. 1 at 1. But the statute does not give private citizens a right to money damages. Section 1115 outlines when the Secretary of Health and Human Services may waive compliance with certain statutory requirements so that states can carry out demonstration projects. 42 U.S.C. 1315(a)(1). Section 1115 does not provide for paying injured individuals and is therefore not a substantive cause of action that could give this court jurisdiction.

In sum, the court must dismiss Ms. Clisbee's tort claims, including medical malpractice and medical battery, as well as her allegations involving criminal actions and 42 U.S.C. § 1315.

### III. Conclusion

For the reasons stated above, this Court **dismisses** Ms. Clisbee's complaint for lack of subject-matter jurisdiction. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge